THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MARTIN MORAN, Appellant.

Court of Special Sessions, City of New York, Appellate Part, First Judicial Department, December 16, 1931.

*Joseph Aronstein,* for the appellant.

*Thomas C. T. Crain, District Attorney [Joshua Egelson* of counsel], for the People.

KERNOCHAN, J. The appellant was convicted of disorderly conduct, and the evidence established beyond any reasonable doubt that the appellant was guilty. On the argument before this court, attorney for the appellant specifically raised the question as to the jurisdiction of the magistrate due to the fact that nowhere in the evidence is it directly shown that the disorderly conduct complained of was committed in the county of New York.

If it could be shown by the record of the trial that the appellant assumed that the prosecution had proven that the offense was committed in the county of New York and, therefore, by not contradicting it, admitted the fact, I think that we could sustain the conviction on the theory of law established by the case of *People* v. *Lagroppo* (90 App. Div. 219; affd., 179 N. Y. 126). This, however, the record does not show, for the attorney for the appellant when making his motion to the magistrate for acquittal was cut off by the magistrate and not permitted to state all his grounds upon which he based his motion. I quote from the record: " Mr. Aronstein: The defendant rests, and renews the motion made at the end of the People's case to dismiss on the ground there is no legal evidence before the Court, and on the further ground that this Court has

not jurisdiction over the defendant on the ground there is no evidence — The Court: Motions denied. I find the defendant guilty of disorderly conduct."

It is fair to infer that the attorney for the appellant was attempting to bring this particular failure of proof to the attention of the magistrate, and it was necessary for him to do this specifically. (*Casey* v. *United States*, 276 U. S. 413.)

By not permitting the attorney for the appellant to specify the particular grounds on which he based his motion, I hold that the magistrate committed reversible error, and the conviction is, therefore, reversed on the law and new trial granted. Facts examined, and no errors found therein.

FETHERSTON and HERBERT, JJ., concur.